IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. : PX 16-0415 |
| | : | |
| ANTRIC EDWARD KLAIBER, | : | |
| Defendant. | : | |
| | : | |

**SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE AND STATEMENTS**

The defendant, Antric Edward Klaiber, by and through undersigned counsel, files this second supplemental memorandum of law in support of his Motion to Suppress Tangible and Derivative Evidence and Statements. The motion was filed by predecessor counsel at ECF 24 and a supplemental memorandum of law in support thereof was filed at ECF 36. Mr. Klaiber references and incorporates these previously filed documents herein. This memorandum addresses new cases that are relevant to Argument II in the supplemental memorandum of law setting forth arguments that the search warrant lacked probable cause on its face. In addition, this memorandum sets forth more recent Maryland case law that bears upon the probable cause issues and on whether there was good faith to rely upon the warrant.

A. THE SEARCH WARRANT LACKED PROBABLE CAUSE ON ITS FACE.

The search warrant for 2315 Butte Place, Waldorf, Maryland was executed on April 20, 2016. The affiant, Detective Konya, presented the affidavit to a judge in the

1

District Court of Maryland for Charles County and swore to the following facts in support of probable cause:

- The investigation began in February 2014 when police received "reliable" information from CS-1 that a black male basketball player named "Tallman" was selling cocaine;
- In November 2015, Detectives Konya and Monahan received information from a "reliable" confidential source, CS-2, that "Tallman" was selling cocaine in certain areas including Southern Maryland, imports drugs from out of state, and uses other locations to store cocaine;
- In January 2016, CS-3 gave the same information and added that he used a cell phone to set up meetings;
- On February 12, 2016, 4 trash bags were searched from in front of 2315 Butte Place and documents with the name of Antric Klaiber along with marijuana were recovered;
- A recorded call was made in early February 2016 between CS-3 and Mr. Klaiber in which the two discussed the sale of "work" and "tree", that the two will meet when CS-3 has "bread", and that he could not give "nobody nothing" without the money as he is in debt;
- On March 8, 2016 another trash pull was done after Mr. Klaiber placed two trash bags into a garbage container and marijuana was recovered; and
- On April 5, 2016 a total of 6 trash bags were taken from in front of 2315 Butte Place and a search yielded documents with the address on them and marijuana.

Argument II in the first supplemental memorandum focused the lack of probable cause on the failure to establish a sufficient nexus between the alleged distribution of narcotics and the location to be searched. This argument and additional arguments support the suppression of the evidence seized from this search.

As to nexus between the distribution and 2315 Butte Place, there is no evidence at all that Mr. Klaiber was dealing drugs from that location. None of the confidential sources said that Mr. Klaiber was "Tallman" or that "Tallman" sold drugs or stored drugs at this residence. In fact, the two sources who said anything about where drugs were stored said it was in "other" locations. The affidavit relied upon conclusory statements that the three confidential sources were reliable, yet gave the District Court judge nothing

to independently assess those conclusions. The Fourth Circuit has found an affidavit insufficient where it depended on information from an unnamed informant, and provided no indication of that informant's truthfulness or reliability. In *United States v. Wilhelm*, 80 F.3d 116, 120 (4th Cir. 1996), the Court found:

> Proctor included conclusory descriptions apparently designed to establish the informant's trustworthiness. We are particularly concerned with Proctor's statements that the informant was a "concerned citizen," and "a mature person with personal connections with the suspects," who "projected a truthful [sic] demeanor." *See* 1 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.4(a) at 738 (2d ed. 1987) ("[I]t should not be deemed sufficient that the police have alleged in a rather conclusory fashion that the person was `a responsible citizen of utmost character and integrity' or `a reputable member of the community.'").

A magistrate must have sufficient information to exercise independent judgement and cannot simply ratify the bare bone conclusions of others. *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

In three separate trash searches, there was no evidence of drug distribution of either marijuana or cocaine that would corroborate the information from the confidential sources. The first and last trash pulls came from multiple bags with no information as to which townhome the bags came from. There is no indication in the affidavit that the documents found with Mr. Klaiber's name or the Butte Place address came from the same bag in which the marijuana was found.[1] One source said Tallman used his phone to meet people to distribute cocaine, thereby suggesting he did not sell from his residence. Also telling, is that even after a controlled call in which there was allegedly discussion of

---

[1] In previous filings relating to other arguments, Mr. Klaiber has provided information that the trash cans were serving the community and were not placed in front of 2315 Butte Place. The only trash pull that reliably can be said to have a tie to 2315 Butte Place is on 3/8/16 because they were brought to the can from that residence. "Indeed, the relevance of of items discovered in a trash pull is predicated on a connection between trash and the home." *U.S. v. Lyles,* 910 F.3d 787, 792 (4th Cir. 2018). This means the "probable cause" for the warrant boils down to CI information that Tallman was selling cocaine, a CI discussion regarding the sale of drugs with Mr. Klaiber, and finding marijuana from one trash pull.

3

the sale of marijuana and cocaine[2], the two later trash pulls also did not yield any evidence of drug distribution. On its face, the warrant lacks sufficient probable cause that evidence of drug distribution would be at 2315 Butte Place.

The Fourth Circuit has found that a warrant lacked probable cause based upon an affidavit containing a trash search of four bags at a curb near the home that contained 3 marijuana plant stems, 3 empty rolling papers, and 1 document with the address listed. *Lyles v. State*, 910 F.3d 787, 790-92 (4th Cir. 2018). In *Lyles,* the Court of Appeals upheld the suppression of items seized following the execution of a Prince George's County, Maryland search warrant that is almost identical to the one issued here in all sections but for the probable cause section. The warrant in *Lyles* contained boilerplate general averments that marijuana is often stored in secure locations and authorized the affiant to seize "essentially anything in the home" - again, similar to the warrant here. *Id.*, at 791. Notably, the Court found that trash pulls should be viewed with at least modest circumspection because guests leave trash and/or open trash is an easy way to plant evidence. "Moreover, it is anything but clear that a scintilla of marijuana residue or hint of marijuana use in a trash can should support a sweeping search of a residence." *Id.*, at 792. The Court found the trash pull evidence did not adequately support the warrant to search for marijuana possession. Like the facts in the *Lyles* trash pull, there was no evidence indicative of any drug distribution found from the trash pulls from the common trash at the Butte Place neighborhood. The government had conceded in *Lyles* that there was no evidence to support probable cause for drug distribution. The Court,

---

[2] Mr. Klaiber maintains the discussion was misrepresented in the affidavit to make it appear that Mr. Klaiber discussed selling marijuana -he did not. The discussion about the sale of "work" was misrepresented as well to make it appear Mr. Klaiber would sell cocaine as soon as CS-3 gave him "bread" yet failed to include that Mr. Klaiber said he couldn't get "nothing" because he was in such debt.

4

however, found there was insufficient probable cause for marijuana possession as well.

Going even farther, the *Lyles* court found that the warrant was "astoundingly broad" and as such, was an unreasonable search given that the underlying offense (possession of marijuana) was relatively minor. *Id*., at 795. As noted above, the *Lyles* warrant requested the same "any and all" items that the Butte Place warrant requested, but for the request to search any and all vehicles parked on or about the property. In the Butte Place affidavit, there is no information at all that anyone was selling drugs from this home and the trash pulls in total infer, at best, that someone was smoking marijuana at the home. What's more, the CI information did not suggest Tallman was selling marijuana. An inference that there will be additional drugs in the home was expressly rejected by the Court of Appeals:

> The government invites the court to infer from the trash pull evidence that additional drugs probably would have been found in the Lyles's home. Well, perhaps, but not probably.

*Id.*, at 794. The same rationale applies to the Butte Place warrant – it is overly broad and therefore, unreasonable under the 4th Amendment. Finally, despite the fact that a prosecutor and supervisor reviewed and blessed the affidavit, and that the officer may have had subjective good faith, the *Lyles* court found that objectively, there was no good faith reliance upon the warrant. This Court should also find there was no good faith reliance upon the Butte Place warrant. Where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, there is no good faith reliance exception. *United States v. Bynum,* 293 F.3d 192, 195 (4th Cir. 2002), *United States v. Leon,* 468 U.S. 897, 922 n. 23 (1984).

In a case with similar facts in the United States District Court for the Eastern District of North Carolina, a magistrate judge's recommendations to suppress a search after finding no good faith reliance was upheld by the District Judge. *United States v. Sykes*, 2016 U.S. Dist. LEXIS 162718 (EDNC 8/22/16), attached. The officer in the *Sykes* hearing admitted that the confidential source listed in the affidavit was really an anonymous tipster. This gave the appearance of genuine substance – a tactic that suggests the officer knew probable cause was lacking and thus good faith reliance on the warrant was not reasonable. *Id.*, at 14. [3] The court found the minimal corroboration of static, innocent details combined with the lack of any information about the anonymous tipster's basis of knowledge and reliability is insufficient to support a finding that there was a substantial basis to determine that probable cause existed. *Id.*, at 15. The court stated the following:

> ("[I]n *Wilhelm* we concluded that the magistrate, in concluding that this take-my-word-for-it affidavit established probable cause, essentially shirked his duty to act independent of law enforcement and acted as a rubber stamp.") (internal quotations omitted). Similarly, here, Detective Heckman presented an affidavit containing the vague allegations of an anonymous [*64] tipster without significant corroboration. While there is no evidence that the mischaracterization of the anonymous tipster as a confidential source and a confidential informant rises to the level of deliberate bad faith to justify application of the first exception, this puffing suggests that Detective Heckman knew that reliance on the resulting order was not reasonable. *See Wilhelm, 80 F.3d at 123.*

*Id.*, at 16. In *Wilhelm,* the court found insufficient probable cause and declined to find good faith reliance upon a warrant where the officer received a phone call from a reliable concerned citizen, whose demeanor appeared truthful, who stated he/she knew there was

---

[3] Mr. Klaiber has argued the omission of the fact the trash pulls were burnt "roaches" rises to the level of a deliberate misrepresentation in violation of *Franks*. But this is not the only way a misrepresentation can be of importance. The tactic of misleading the amount of "marijuana", if not a *Franks* violation, clearly was a tactic that shows he knew the affidavit was lacking in probable cause and good faith reliance is not objectively reasonable.

marijuana at a house; that people were buying from the house; and gave the address and directions to the house.  The officer corroborated the address and directions.  At the hearing, the officer said he had not known this caller before the call and had never met the caller.  Again, the "puffing" to give more substance or reliability to the informant was critical to determining if the officer's reliance upon the warrant was reasonable.

The 6th Circuit found there was no good faith reliance upon a warrant when there was a lone trash pull that contained wrappers that appeared to have contained illicit drugs, mail, and loose marijuana.  *United States v. Wood,* 967 F.3d 550 (6th Cir. 2020). Clearly relevant to that finding was that there was no evidence of continued drug distribution from the residence. Following a *Franks* hearing in *United States v. Wharton* Judge Hollander granted suppression and found that good faith reliance upon the warrant was unreasonable.  ELH 13-0043, 2014 U.S. Dist. LEXIS 110966, at 51 (D. Md. Aug. 12, 2014).  Judge Hollander found the statement regarding living arrangements at issue in the affidavit was "accurate" but did not fully capture the information the officer had.  *Id*., page 6, attached.  She further found that the omission was in reckless disregard of whether the omissions would mislead the magistrate judge.  *Id*., page 10.  These findings led to her conclusion that there was no good faith reliance upon the warrant.

      B.    THE DEVELOPMENT OF MARYLAND LAW AND SEARCHES RELATING TO MARIJUANA.

Beginning on page 23 of the supplemental memorandum filed herein, Mr. Klaiber argued that the search warrant lacked sufficient probable cause because possession of less than 10 grams of marijuana – a civil offense under Maryland law- is not a felony or misdemeanor that would authorize law enforcement to apply for a search warrant

pursuant to Section 1-203 of Maryland Criminal Procedure Article.  The warrant is silent as to the amount of marijuana, but the inference is that the amount is low because it was thrown out in the trash. [4]  The supplemental memorandum cited *Robinson v. State,* 451 Md. 94 (2017) (ruling that odor of marijuana from car is sufficient probable cause to search under the automobile exception because that exception authorizes the search for "contraband" and evidence of a crime).  Since then, the Maryland Court of Appeals has held that the mere odor of marijuana is insufficient to establish reasonable suspicion that vehicle occupants are armed and dangerous to support a frisk.  *Norman v. State*, 452 Md. 373 (2017).  In 2019, the Court of Appeals distinguished the *Carroll* doctrine search in *Robinson* with the search incident to arrest doctrine noting that the search incident requires probable cause to believe a person has committed, is committing, or is about to commit a crime.  *Pacheco v. State*, 465 Md. 505, 513 (2019).  The Court of Appeals found that the smell of burnt marijuana and seeing a "roach" in the ashtray did not give rise to probable cause to arrest and search the driver, but following *Robinson*, did give rise to search the vehicle.  There was no evidence that possession of this small amount of marijuana gives rise to a belief that the defendant possessed a criminal amount of marijuana.  *Id*., at 517-518.  This finding was made after the Court examined the exceptions and noted:

> The distinction between the two exceptions is at least in part due to the diminished expectation of privacy that justifies the automobile exception, *Carney,* 471 U.S. at 390-92, 105 S.Ct. 2066, as compared to the "unique, significantly heightened" constitutional protections afforded a person to be secure in his or her body, *Houghton,* 526 U.S. at 303, 119 S.Ct. 1297.

---

[4] Mr. Klaiber has submitted exhibits demonstrating that the "marijuana" was burnt "roaches" not amounting to appreciable weight at all.  Had the complete information been provided to the District Court Judge, presumably he would have realized the search would be illegal as there was no crime.

> Stated differently, [p]robable cause to believe that a person is carrying evidence does not justify a warrantless search of the person any more than probable cause to believe a home contains evidence justifies a warrantless search of a home. Only places or things enjoying a lesser expectation of privacy, such as automobiles, are vulnerable to probable-cause-based warrantless searches for the purpose of discovering and seizing evidence of crime.

*Id.*, at 513. The same heightened protections are due regarding the search of a home. Given this ruling, if faced with the exact question in this case, the Court of Appeals would likely find the search invalid. That is, whether simply stating "marijuana" without more (and actually significantly less than 10 grams) gives rise to probable cause that there was a crime occurring that allowed for a search of a home. This Court should rule it does not and suppress evidence seized at 2315 Butte Place.

    C.    CONCLUSION.

The warrant lacked sufficient probable cause, was overly broad and lacked a sufficient nexus between the residence and the alleged crime. There was no objective good faith reliance upon the warrant. *United States v. Lyles* makes this abundantly clear. Finally, the officers did not have authority to obtain a search warrant for a civil infraction.

WHEREFORE, the Defendant respectfully requests that this Court grant Defendant's Motion to Suppress Tangible and Derivative Evidence.

Respectfully Submitted,

_____/s/_____
Teresa Whalen, Bar No. 25245
Law Office of Teresa Whalen
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 728-2905